UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

FILED
00 JUL 25 AM 10: 26
CLERK
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IL
EAST ST LOUIS OFFICE

DAVID BERGER, )
)
    Plaintiff, )
)
v. ) Cause No: 00-584-DRH
)
PATRICIA M. NAZAMETZ, and )
XEROX CORPORATION RETIREMENT )
INCOME GUARANTEE PLAN, )
) COMPLAINT - CLASS ACTION
    Defendants. )

## COMPLAINT

Comes now Plaintiff, David Berger, by his attorneys, and for his Class Action Complaint states as follows:

### The Parties, Jurisdiction and Venue

1. Plaintiff David Berger is an individual who resides in Belleville, Illinois.

2. Defendant Xerox Corporation Retirement Income Guaranty Plan (the "RIGP") is a "defined benefit plan" within the meaning of the Section 3(35) of the Employee Retirement Income Security Action of 1974, as amended ("ERISA"), 29 U.S.C. §1002(35). Patricia M. Nazametz is the RIGP's plan administrator.

3. Jurisdiction is proper in this Court under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

4. Venue is proper in this Court under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2) and (f), in that the Plan can be found within this judicial district, and the conduct complained of occurred in this judicial district.

## Background

### Creation of the TRA Benefits.

5. Mr. Berger commenced employment with Xerox Corporation ("Xerox") in 1969 and continued as a full-time employee of Xerox for over 25 years until his employment terminated in 1994.

6. For years prior to 1990, Xerox maintained the Xerox Corporation Profit Sharing Plan (the "PSP"), as an "individual account plan" within the meaning of Section 3(34) of ERISA, 29 U.S.C. §1002(34), for the benefit of its employees. Mr. Berger participated in the PSP at all times while the PSP was in effect.

7. Xerox originally adopted the RIGP effective July 1, 1977. Mr. Berger participated in the RIGP at all times after July 1, 1977 until his employment terminated in 1994.

8. Effective as of January 1, 1990, Xerox transferred the PSP benefit of each active PSP participant, including Mr. Berger, to the RIGP (the "1990 transfer"). The PSP benefit was placed in an account within the RIGP designated as a Transitional Retirement Account ("TRA").

9. Following completion of the 1990 transfer, and other than allocations of investment earnings or losses, no additional contributions or allocations have been made to the TRA of any RIGP participant.

10. Under the terms of the RIGP, a participant earns a normal retirement benefit that is payable as an annuity commencing at the normal retirement age of 65, and that is equal to the greater of the benefits determined under the following three formulas:

    (a) the "RIGP Formula", which provides an age 65 annuity equal to 1.4% times average monthly compensation times years of participation up to 30;

(b) the "TRA Formula", which provides an age 65 annuity equal to the benefit that could be provided by the TRA converted at the Internal Revenue Code § 417(e) interest rate structure; and

(c) the "CBRA Formula" which provides an age 65 annuity equal to the benefit that could be provided by his cash balance retirement account converted at the Internal Revenue Code § 417(e) interest rate structure.

11. Mr. Berger received his accrued benefit from the RIGP in the form of a lump sum distribution in November 1995.

12. Because Mr. Berger's TRA benefit was larger than either his CBRA benefit or his RIGP benefit, Mr. Berger's distribution was his TRA benefit.

Payment of the TRA Formula Benefit.

13. Under the terms of the RIGP, if Mr. Berger had not received a distribution of his benefit from the RIGP, his TRA Formula benefit would have continued to receive credits each year equal to the actual earnings or losses incurred by his TRA, until he attained the normal retirement age of 65.

14. In determining the amount of Mr. Berger's minimum benefit at normal retirement age under the TRA Formula, the RIGP did not project Mr. Berger's TRA benefit to age 65 using either: a) a rate of interest which would realistically approximate the rate Mr. Berger could have earned if the TRA balance had been in his hands from the date of distribution to age 65; or b) at an interest rate of comparable alternative investments. Instead, the RIGP paid Mr. Berger's TRA balance as his lump sum distribution.

15. By failing to compute the amount of his normal retirement benefit, the RIGP failed to provide Mr. Berger with a lump sum distribution in an amount equal to the present value of his minimum benefit at normal retirement age.

16. If Mr. Berger's TRA benefit had been projected to age 65 using the rate of return which he could have earned or at a rate of comparable alternative investments, and then discounted this projected figure back to his then current age at the interest rate(s) required by ERISA § 205(g)(3), and Internal Revenue Code § 417(e)(3), as implemented by Treasury Regulation 1.417(e)-1(d), Mr. Berger would have received a larger lump sum distribution than the amount paid to him.

17. Mr. Berger did not exhaust the administrative remedies provided under the terms of the RIGP prior to initiating this lawsuit because his claims are based solely on discrete and non-fact intensive statutory violations of ERISA. Furthermore, under the circumstances, exhaustion would have been futile.

## Class Action Allegations

18. Plaintiff seeks class action certification of the following class:

"All participants in the Xerox Corporation Retirement Income Guaranty Plan ("RIGP") who have received a lump sum distribution of their TRA Formula benefit from the RIGP at any time after January 1, 1990, and until the present."

19. Certification is appropriate under Rule 23(b)(1), Fed. R. Civ. P., because there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for the administrator of the RIGP.

20. Certification is also appropriate under Rule 23(b)(2), Fed. R. Civ. P., because the RIGP computed the lump sum benefits of the Class members in the same contested manner;

therefore, the Plan has acted or refused to act on grounds generally applicable to the Class making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21. The Class is comprised of several thousand participants who received lump sum distributions from the RIGP, and is so numerous that joinder of all Class members would be impracticable.

22. The computation of a participant's TRA Formula benefit and the amount of lump sum distributions is standardized in that the amount of the lump sum distribution for each member of the Class was calculated in the same manner as described above. Thus, there exist common questions of fact as to each member of the Class.

23. Each Class member's rights will be determined by resort to the same plan documents and the same provisions of ERISA. Thus, there exist common questions of law as to each Class member, i.e., whether the method of calculating of lump sum distributions violated the law.

24. Mr. Berger's claims are typical of the claims of the Class members in that his lump sum distribution was calculated in the same fashion as the rest of the Class, and his rights as well as those of the Class as a whole, are similarly provided for under the plan document and applicable provisions of ERISA.

25. Mr. Berger will fairly and adequately represent the interests of the members of the Class. His interests are the same, and not in conflict with the other members of the Class. His attorneys are experienced and competent in the prosecution of ERISA class action litigation.

## Count I

26. Mr. Berger incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

27. ERISA §§203(e) and 205(g), 29 U.S.C. §§1053(e) and 1055(g), and Internal Revenue Code § 417(e), as implemented by Treasury Regulation §1.417(e)-1(d), requires any optional form of benefit paid from a defined benefit plan, including a lump sum distribution, to be no less than the present value of the participant's normal retirement benefit payable at normal retirement age (under the RIGP, age 65).

28. The RIGP paid Mr. Berger a lump sum benefit that was less than the present value of his normal retirement benefit in violation of ERISA §§ 203(e) and 205(g), IRC § 417(e), as implemented by Treasury Regulation 1.417(e)-1(d).

29. Pursuant to ERISA § 502(a)(3), Mr. Berger brings this action against the RIGP to redress violations of ERISA, to enforce such ERISA provisions, and for all appropriate equitable relief, including without limitation restitution.

## Count II

30. Mr. Berger incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

31. The RIGP's conduct as described above resulted in an impermissible forfeiture of benefits prohibited by Internal Revenue Code § 411, as implemented by Treasury Regulation 1.411(a), in that the right to receive the higher internal interest credit was conditioned on Mr. Berger not taking a distribution prior to normal retirement age.

32. Pursuant to ERISA § 502(a)(3), Mr. Berger brings this action against the Plan to redress violations of ERISA, to enforce such ERISA provisions, and for all appropriate equitable relief, including without limitation restitution.

## Count III

33. Mr. Berger incorporates by reference the allegations of all preceding paragraphs as if fully set forth in this Count.

34. The administration of the RIGP as described above is in violation of ERISA.

35. Pursuant to ERISA § 502(a)(3), Mr. Berger brings this action against Ms. Nagametz to enjoin her from continuing to operate the Plan in violation of ERISA as described herein.

## Prayer for Relief

WHEREFORE, Plaintiff David Berger prays for the following relief:

a) Certification of this case as a class action;

b) Judgment against the RIGP and in favor of Plaintiff and the Class on all claims herein;

c) Restitution from the RIGP in an amount sufficient to pay Plaintiff and the Class the difference between the amount of lump sum distributions they received and the amount they would have received had the RIGP complied with ERISA;

d) A permanent injunction preventing the RIGP and Ms. Nagametz from calculating future lump sum distributions in violation of ERISA;

e) Pre- and post- judgment interest and costs;

f) Reasonable attorneys' fees pursuant to the common fund doctrine or any other applicable law; and

g) Any other relief this Court deems just, proper and equitable.

Respectfully submitted,

_____
Steven A. Katz
Douglas R. Sprong
Carr, Korein, Tillery, Kunin, Montroy, Cates,
Katz & Glass, LLC
10 Executive Woods Ct
Belleville, IL 62226
(618) 277-1180
(618) 277-4676 (facsimile)

William K. Carr
Law Offices of William K. Carr
2222 E. Tennessee Avenue
Denver, CO 80209
(303) 296-6383
(303) 296-6652 (facsimile)

Attorneys for Plaintiff