UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BERGER and GERRY TSUPROS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Cause No: 00-584-DRH |
| | ) |
| XEROX CORPORATION RETIREMENT INCOME GUARANTEE PLAN, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER AND FINAL JUDGMENT**

**HERNDON, DISTRICT JUDGE:**

This matter comes before the Court on the Class plaintiff's Motion for Final Approval of Class Action Settlement, preliminarily approved by this Court on December 5, 2003. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a fairness hearing under Rule 23(e), Fed.R.Civ.P., on January 22, 2004. The Court has reviewed the materials submitted by the parties, and has heard arguments presented at such hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

1. The Court finds that this action satisfies the requirements of Rule 23, for the reasons set forth in its prior certification orders and the Seventh Circuit's August 1, 2003 Order, and further finds that the Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.

2. The Notice approved by the Court was provided by first class direct mail notice to the last known address of each individual identified as a potential Class Member. In addition, follow-up efforts were made to send the Notice to individuals whose original notice was returned

as undeliverable.  The Notice adequately described all the relevant and necessary parts of the proposed settlement agreement.  In the Matter of VMS Ltd. Partnership Sec. Litig., 26 F.3d 50, 51-52 (7th Cir. 1994); In the Matter of VMS Ltd. Partnership Sec. Litig., 1992 WL 203832 at *4 (N.D. Ill. 1992); Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370 (9th Cir. 1993).

     3.  The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class members.  Eisen v. Carlisle and Jacqueline, 417 U.S. 156, 177-78 (1974); Phillips Petroleum v. Shutts, 472 U.S. 797 (1985).

     4.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

     5.  The Court has considered and applied the factors set forth in Armstrong v. Board of School Directors of the City of Milwaukee, 616 F.2d 305, 312 (7th Cir. 1980), and has concluded that the settlement is fair, reasonable and adequate.  Armstrong, 616 F.2d at 312.  The Court finds that the delay, potential adverse tax issues, and the small uncertainty of further litigation, strongly supports the marginal reduction in the amounts that would have been paid pursuant to a final judgment.

     6.  Out of the several thousand individuals identified as potential Class Members who were notified, only one of the Class members objected to the proposed settlement on the grounds that it was inadequate.  While the Court disagrees with the objection, the Court also notes that the objector was not receiving additional benefits under the Court's prior Orders and is accordingly not receiving additional benefits under the settlement; therefore, he is without standing to object or appeal.  *See In re First Capital Holdings Corp. Financial Products*

*Securities Litigation*, 33 F.3d 29, 30 (9th Cir. 1994) (dismissing appeal of class member who objected to class counsel fee award because she lacked standing. The class member was not entitled to an award of damages and therefore was not "aggrieved" by the attorney's fees award.).

7. The only other objection to the proposed settlement was lodged by John E. Layaou, who objected to the release as potentially encompassing his claim against Xerox. However, the Settlement Agreement specifically excludes Mr. Layaou's case from the scope of the release and therefore his objection is without merit and he also lacks standing to interpose it.

8. The Settlement is hereby **APPROVED** in its entirety and the Court hereby approves the compromise of its earlier judgment.

9. A permanent injunction, without the necessity of a bond, is hereby issued against Class members from prosecuting parallel actions.

10. For the reasons set forth in Class counsel's Motion for Attorneys' Fees and Costs and Incentive Awards, the Motion for attorney fees and costs is granted, as modified herein. Specifically, the Court finds based on the evidence presented by Class counsel, and the Court's awareness of the market, that a 29% fee and $300,000.00 in costs and expenses award requested is at or below the market rate for this and similar litigation, is fully supported by the Seventh Circuit's decisions in *In re Synthroid Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001) (*Synthroid I*), and is otherwise appropriate. *See also In re Synthroid Marketing Litig.*, 325 F.3d 974 (7th Cir. 2003) (*Synthroid II*). Class counsel presented affidavit testimony and other evidence demonstrating that no competent attorney would have taken this case on any basis other than a contingent fee basis. Class representative Gerry Tsupros testified that he would not have hired

Class counsel on an hourly basis, and the individual recoveries of the other Class members strongly suggest that none of them would have agreed to pay an hourly fee plus costs in return for the prospect of recovering less than the final hourly fee and costs bill.  The Court is further aware that Class counsel are nationally recognized experts in ERISA pension benefit cases and have testified that they have not and would not accept a similar case on any basis other than a contingency fee basis.

In addition, Class counsel presented evidence, and the Court agrees, that an auction for legal services in this litigation would have produced a percentage at or higher than the 29% fee awarded, and that the large claimant criterion here supports the 29% fee award.  The *Synthroid II* Court noted that the sophisticated third-party payors (the insurance companies) in that litigation negotiated a flat 22% rate even after the risk of the litigation had passed and a recovery was assured.  325 F.3d at 976 and 978 (explaining the 22% rate was agreed to "after a good deal of the risk had been dissipated" and that the TPPs still "had to offer 22% to sign up lawyers on a contingent fee.").  Applying this reasoning to this case, the risk attendant with this litigation and the difficulty locating experienced counsel to accept such litigation clearly support a 29% fee.

Thus, the undisputed evidence is that the market for legal services for this litigation is a contingency fee contract.  Class Counsel is awarded 29% of the aggregate Settlement Fund (as defined in the Settlement Agreement) as and for their fees expenses and costs.  Defendants are ordered to distribute the fee to Class Counsel per the Settlement Agreement.

11. The Named Plaintiffs are hereby awarded incentive fees of $20,000 each for their time and effort in pursuing this litigation, to be paid in addition to the attorney fee and costs awards.

12. The Court finds that the distribution of attorneys' fees and costs does not result in a taxable income to any class members and that no withholding or 1099 reporting is required on that basis.

13. The Defendant is ordered to distribute the settlement proceeds under the terms of the Settlement Agreement.

14. All other motions currently pending, but not ruled upon by the Court, are **DENIED** as moot.

15. This cause is hereby **DISMISSED WITH PREJUDICE**, with this Court retaining jurisdiction to enforce the Settlement terms.

SO ORDERED:

/s/ David R. Herndon
District Judge

Date:   January 22, 2004